UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KADEEM MIKELL,<br><br>                              Plaintiff,<br><br>        -against-<br><br>K&R REALTY INC.; GINA CHASE; JET HASIMAJ,<br><br>                              Defendants. | 21-CV-9084 (ER)<br><br>ORDER OF SERVICE |

EDGARDO RAMOS, United States District Judge:

      Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131. He alleges that his employer, K&R Realty Inc. (K&R), discriminated against him based on his race, color, and national origin. Named as defendants are K&R and individual defendants Gina Chase and Jet Hasimaj,[1] who Plaintiff alleges were involved personally in the events giving rise to his claim.

      By order dated November 8, 2021, Chief Judge Laura Taylor Swain granted Plaintiff's request to proceed *in forma pauperis* (IFP). As set forth below, the Court directs service on Defendants.

---

[1] Plaintiff refers to a superintendent at Alvista Towers, the building in which Plaintiff was a concierge, but Plaintiff does not state that Hasimaj was the superintendent. The complaint, however, suggests that he was. Thus, for the purposes of this order, the Court assumes that Hasimaj was the superintendent at Alvista Towers.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants K&R, Gina Chase, and Jet Hasimaj through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to issue summonses as to Defendants K&R Realty Inc., Gina Chase, and Jet Hasimaj, complete the USM-285 forms with the addresses for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   November 10, 2021
         New York, New York

_____
EDGARDO RAMOS
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. K&R Realty Inc.
   316 W. 118th Street
   New York, NY 10026

2. Gina Chase
   147-36 94th Avenue, Apt. 5Q
   Queens, NY 11435

3. Jet Hasimaj
   147-36 94th Avenue, Apt. 5Q
   Queens, NY 11435