UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KADEEM MIKELL,

                Plaintiff,

-v.-

K&R REALTY INC., GINA CHASE and JET HASIMAJ,

                Defendants.

21 Civ. 09084 (JHR)

ORDER OF DISMISSAL

JENNIFER H. REARDEN, District Judge:

On November 2, 2021, Plaintiff Kadeem Mikell, acting *pro se*, brought this action alleging employment discrimination. ECF No. 1. On March 11, 2022, Defendant K&R Realty, Inc. was served with process, and on March 21, 2022, Defendants Gina Chase ("Chase") and Jet Hasimaj ("Hasimaj") were served with process. ECF Nos. 12-14. Thus, Defendant K&R Realty's response was due on April 1, 2022, and Defendants Chase and Hasimaj's responses were due on April 11, 2022. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint."). As detailed below, Plaintiff has failed to prosecute this case for nearly two years. Accordingly, the Court now dismisses the action without prejudice.

## I.    PROCEDURAL HISTORY

On April 8, 2022, Defendant Chase moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 20. On April 18, 2022, the judge previously assigned to this case ordered Plaintiff to respond to Defendant Chase's motion by May 9, 2022.[1] ECF No. 21. Plaintiff did not do so. On August 16, 2022, the Court directed Plaintiff to "submit a status report with respect to Chase's motion by Monday, August 21." ECF

---

[1] This case was originally assigned to the Honorable Edgardo Ramos.

No. 22.  The Court "warned that failure to do so could result in sanctions, including dismissal for failure to prosecute."  *Id.*  Once again, Plaintiff did not comply with the Court's Order.

On June 5, 2023, following reassignment to this Court, Defendants K&R Realty and Hasimaj moved to dismiss the Complaint for failure to prosecute pursuant to Rule 41(b).  *See* ECF No. 23.  Plaintiff did not respond.  On November 7, 2023, the Court issued an Order requiring Plaintiff to "show good cause, in writing, why Defendants' motion should not be deemed unopposed" by Tuesday, December 5, 2023.  ECF No. 25.  The Order warned Plaintiff that failure to comply "**may result in dismissal of the case for abandonment or failure to prosecute pursuant to Rule 41**[.]"  *Id.* (emphasis added).  Plaintiff did not file anything in response.

The Supreme Court and the Second Circuit have long recognized that federal courts are vested with the authority to dismiss an action with prejudice due to a plaintiff's failure to prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-30 (1962); *see also United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir. 2004).  Because dismissal is "one of the harshest sanctions at a trial court's disposal," it must be "reserved for use only in the most extreme circumstances."  *Drake*, 375 F.3d at 251.

## II.   DISCUSSION

In considering a Rule 41(b) dismissal, courts weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has

adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). "[N]one of the five factors is separately dispositive[.]" *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001). Having carefully considered each of these factors, the Court concludes that dismissal is warranted. *See Lucas*, 84 F.3d at 535.

"The first factor to be examined breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." *Drake*, 375 F.3d at 255 ("[P]laintiff's 17-month delay was significant."). Since May 2022, Plaintiff has repeatedly failed to comply with the Court's directives. *See* ECF Nos. 21-22. Plaintiff's apparent unwillingness to abide by the Court's Orders, and his delay of nearly two years in prosecuting this case (including more than 18 months since the August 16, 2022 Order) favor dismissal. *Drake*, 375 F.3d at 255; *see also Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666 (2d Cir. 1980) (affirming dismissal "given [plaintiff's] complete intransigence in the face of a clear court order" over the course of six months); *Hibbert v. Apfel*, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000) (holding delay justified dismissal where plaintiff had "proffered no explanation for her apparent abandonment of her case, nor . . . made any attempt to contact th[e] Court or [the] defendant" for six months).

Second, Plaintiff was "on notice" when, on August 16, 2022, the Court "warned that failure to" respond to Defendant Chase's motion to dismiss under Rule 12(b)(6) "could result in sanctions, including **dismissal for failure to prosecute**." ECF No. 22 (emphasis added). After Defendants K&R Realty and Hasimaj moved to dismiss under Rule 41(b) on June 5, 2023, ECF No. 23, the Court cautioned Plaintiff again on November 7, 2023 that failure to comply with its Order to Show Cause "why Defendants' motion [to dismiss] should not be deemed unopposed" "**may result in dismissal of the case for abandonment or failure to prosecute pursuant to**

**Rule 41**[.]" ECF No. 25 (emphasis added); *Lucas*, 84 F.3d at 535. Plaintiff nevertheless did not take any action in response to either Order.

Third, Defendants "are likely to be prejudiced by further delay in the proceedings." *Lucas*, 84 F.3d at 535. As detailed above, Plaintiff's "inaccessibility has delayed this case for . . . months." *Caussade v. United States*, 293 F.R.D. 625, 630-31 (S.D.N.Y. 2013). Where, as here, this delay is "inexcusable," "prejudice is presumed." *Id.* (deeming prejudice presumed where plaintiff was "completely inaccessible" and caused "at least a seven-month delay in prosecuting this action"); *see Hibbert*, 2000 WL 977683, at *3 (holding that *pro se* "plaintiff's delay [was] neither moderate nor excusable" and presuming prejudice to defendant where "[t]he record [was] devoid of any explanation for plaintiff's complete inaction and failure to respond . . . for over six months").

Fourth, dismissal is warranted based on "a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard." *Lucas*, 84 F.3d at 535. "Conduct such as occurred here[,]" where Plaintiff has effectively abandoned his case, "can impose serious costs on adversaries, on parties to other matters before the court who may find their scheduling disrupted or decisions delayed, and on the efficiency with which the district court addresses its business." *Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 468 (2d Cir. 2013) (noting that a "consideration of the five Lucas factors . . . justif[ied] the sanction imposed."); *see Evans v. City of Yonkers*, No. 19 Civ. 00794 (PMH), 2020 WL 7496356, at *3 (S.D.N.Y. Dec. 18, 2020) (*pro se* plaintiff's failure to comply with court orders indicated there was "no reason to believe that he intends to pursue this action any further"); *Wilson v. Oxford Health Plans (N.Y.), Inc.*, No. 01 Civ. 3417 (MHD), 2002 WL 1770813, at *3 (S.D.N.Y. July 31, 2002) ("[A] failure to dismiss would likely leave the case pending for an indefinite time into the future, or at least until plaintiff changed her mind or the court lost patience."). In issuing the

4

three Orders described above, ECF Nos. 21-22, 25, the Court afforded Plaintiff "a fair chance to be heard." *Lucas*, 84 F.3d at 535. It is not efficient for the Court to attempt to goad Plaintiff into compliance while this case continues to languish on the docket.

  Finally, the Court finds that "a sanction less drastic than dismissal" would not suffice. *Id.* Plaintiff has not shown any interest in prosecuting this case—for example, by "request[ing] additional time to litigate his . . . claims[,]" or by "represent[ing] that [he was] prepared to prosecute those claims diligently." *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 196 (2d Cir. 1999) (Sotomayor, J.) (affirming dismissal for failure to prosecute). "The Court has given Plaintiff opportunities to be heard, but Plaintiff has refused to prosecute this case, notwithstanding the Court's repeated warnings." *Melancon v. New York City Dep't of Educ.*, No. 19 Civ. 10040, 2023 WL 123199, at *3 (S.D.N.Y. Jan. 6, 2023); *see also Ruzsa v. Rubenstein & Sendy Attys. at L.*, 520 F.3d 176, 178 (2d Cir. 2008) (per curiam) ("[I]n light of [the plaintiff's] failure to respond to the notice threatening dismissal, it is . . . unclear that a 'lesser sanction' would have proved effective in this case."); *Waters v. Camacho*, 288 F.R.D. 70, 71 (S.D.N.Y. 2013) ("The sanction of dismissal without prejudice . . . complies with the fifth factor, considering the efficacy of lesser sanctions."). Given Plaintiff's *pro se* status, however, "the lesser sanction of dismissal without prejudice . . . is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendants." *Waters*, 288 F.R.D. at 71 (internal quotation marks omitted); *see also Gabino v. S&P 72 Corp.*, No. 16 Civ. 06541 (JLR), 2023 WL 5016548, at *2 (S.D.N.Y. Aug. 7, 2023) (finding "dismissal without prejudice [was] a less harsh, and more appropriate, sanction for [*pro se*] Plaintiff's failure to communicate with the Court or to comply with the Court's orders."); *Mena v. City of New York*, No. 15 Civ. 3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14,2017) (noting that "a

*pro se* plaintiff is not exempt from complying with court orders and must diligently prosecute his case").

### III.   CONCLUSION

The Court hereby dismisses this case without prejudice, pursuant to Rule 41(b), for failure to prosecute and to comply with the Court's Orders. The Clerk of Court is directed to terminate all pending motions and close this case. Additionally, the Clerk of Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: February 26, 2024
       New York, New York

_____
JENNIFER H. REARDEN
United States District Judge